UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
AT BROOKLYN

| | |
|---|---|
| In re: | Chapter 11 |
| BOWNETREE, LLC, | Case No. 08-45854 (DEM) |
| Debtor-in-Possession. | Hearing Date: October 30, 2008<br>Hearing Time: 10:00 a.m. |

### RESPONSE OF KENNEDY FUNDING, INC. TO THE DEBTOR'S DISCLOSURE STATEMENT

Kennedy Funding, Inc. ("Kennedy"), a secured creditor of Bownetree, LLC, the debtor herein (the "Debtor"), by and through its attorneys, Cole, Schotz, Meisel, Forman & Leonard, P.A., submits this response to the adequacy of the Disclosure Statement (the "Disclosure Statement") filed by Bownetree, LLC, the debtor and debtor-in-possession herein (the "Debtor"), and respectfully states as follows:

### BACKGROUND

1. On or about June 27, 2008, Kennedy loaned the Debtor the principal amount of Seven Million Fifty Thousand ($7,050,000.00) Dollars (the "Loan"). The Loan was made in connection with the development and renovation of the Debtor's real property located at 142-32, 142-36, 142-40 and 142-42 37th Avenue, Flushing, New York (the "37th Avenue Property") and 143-19A, 143-19B, 143-19C, 143-21A and 143-21B 38th Avenue, Flushing New York (the "38th Avenue Property," and together with the 37th Avenue Property, collectively referred to as the "Property"). The Loan is evidenced and secured by, *inter alia*, (i) a Loan and Security Agreement dated June 27, 2008 (the "Loan Agreement"), (ii) a Promissory Note dated June 27, 2008 (the "Note"), (iii) a Mortgage and Security Agreement dated June 27, 2008 pursuant to

which Kennedy was granted a first priority mortgage lien on the Property (the "Mortgage"), (iv) an Assignment of Leases and Rents on the Property, and certain other loan documents entered into between the parties (collectively, the "Loan Documents").

2. The term of the Loan is three years, commencing on June 27, 2008, (the "Commencement Date"), and maturing June 26, 2011 (the "Maturity Date"). The Note provides that interest on the principal amount of the Loan accrued at the following escalating rates: (i) twelve (12%) percent per annum for the month of June 2008; (ii) the greater of twelve (12%) percent or Prime Rate plus seven (7%) percent from July 1, 2008 through and including June 26, 2009; and (iii) the greater of eighteen (18%) percent or Prime Rate plus thirteen (13%) percent from June 27, 2009 through and including the Maturity Date. See Note, p.2. The Note further provides for a default rate of interest of twenty-five (25%) percent per annum, subject to limitation, if applicable, by the highest lawful rate (the "Default Rate"). See Id., pp. 1,4.

3. The Loan Documents clearly provide for the recovery of costs and attorneys fees by Kennedy . Specifically, the Loan Agreement provides that the Debtor shall pay all out-of pocket expenses incurred by Kennedy in connection with the Loan, including, without limitation, reasonable attorneys' fees incurred by Kennedy in connection with the enforcement of its rights and remedies under the Loan Documents. See Loan Agreement, p. 28. Additionally, the Note provides that Kennedy is entitled to recover all costs incurred and reasonable attorney's fees for legal services in connection with any efforts to collect the amounts due under the Note, whether or not suit is commenced. See Note, p.3. The Note further obligates the Debtor to indemnify Kennedy for any expense, including, without limitation, reasonable attorney's fees, which may be incurred by Kennedy in connection with or as a result of any default under the Loan Documents. See Id., pp.4-5.

4. As of the Filing Date, Kennedy was owed the sum of $3,739,150.00 on account of the Loan. Interest accrues at a per diem rate of $2,881.94. As of October 23, 2008, Kennedy is

2
31392/0530-2625208v2

owed the sum of $3,883,247.22 on account of principal and accrued interest due under the Loan. Additionally, Kennedy's outstanding legal fees in connection with the Loan are approximately $34,000.00 to date.

5. On October 3, 2008, the Debtor filed an application for an order of this Court pursuant to sections 105(a), 363(b), (f), (m) and 1146 (a) of the United States Bankruptcy Code, (the "Bankruptcy Code") approving the (1) sale of the 37th Avenue Property, subject to higher and better offers; (2) approving procedures to be employed in connection with the proposed auction sale; (3) authorizing the Debtor to satisfy certain liens, claims, encumbrances and other interest at the closing on the sale of the Property (the "Closing"); and (4) authorizing a breakup fee (the "Sale Motion").

6. Through the Sale Motion, the Debtor seeks to sell the 37th Avenue Property to Foxwood Development Corp. for a sale price of Nine Million ($9,000,000.00) Dollars, free and clear of all liens, claims and encumbrances, with liens, including Kennedy's to attach to the net proceeds of sale. Schedule A to the Debtor's Chapter 11 petition values the 37th Avenue Property at Nine Million ($9,000,000.00) Dollars. Thus, Kennedy is oversecured as a matter of law.

7. On October 4, 2008, the Debtor filed the Disclosure Statement with the Court. The Disclosure Statement should be modified to address the issues discussed below.

## **LEGAL ANALYSIS**

8. Pursuant to Section 1125(b) of the Bankruptcy Code, the Disclosure Statement must contain "adequate information" to allow parties to make an informed judgment about the Debtor's Plan.[1]  Section 1125(a)(1) defines "adequate information" as follows:

---

[1] As of the date hereof, the Debtor has not filed its Chapter 11 Plan.

3

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interest in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information.

9. The Disclosure Statement contains contradictory statements regarding the timing of the payment of Kennedy's claim. The Disclosure Statement, at page 2, indicates that Kennedy's claim shall be paid in full on the date of the auction of the 37th Avenue Property. However, page 3 of the Disclosure Statement reflects that Kennedy will be paid at the Closing. Kennedy asserts that the Disclosure Statement should be amended to clearly reflect that Kennedy's claim shall be paid in full at the Closing of the sale of the 37th Avenue Property.

10. Additionally, the Disclosure Statement contains contradictory statements regarding the amount of Kennedy's claim. The Disclosure Statement, at pages 2-3, indicates that the pre-petition amount of $4,600,000.00 listed on the Debtor's schedules, plus interest, will be paid to Kennedy at the Closing. However, the Disclosure Statement further indicates, at pages 18-19, that only the scheduled pre-petition amount of $4,600,000.00 will be paid to Kennedy at the Closing, without any mention of interest. Further, Exhibit E to the Disclosure Statement, entitled "Liquidating Balance Sheet," reflects a proposed distribution to Kennedy in the amount of $4,600,000.00. Further, the Disclosure Statement is void of any reference to the payment of attorneys fees as part of Kennedy's claim.

11. Kennedy asserts that the Disclosure Statement should be amended to clearly acknowledge that its claim shall be paid in full at the Closing, and include accrued post-petition interest, costs and attorneys fees through the Closing date. It is well established that an oversecured creditor is entitled to accrued post-petition interest and reasonable post-petition fees,

4

costs, or charges in connection with its claim. See 11 U.S.C. §506(b); In re Vanderveer Estates Holdings, Inc., 283 B.R. 122 (Bankr. E.D.N.Y. 2002)(bankruptcy code permits oversecured creditor to recover post petition interest, and reasonable post-petition fees, costs, or charges provided for under the relevant agreement, to the extent of the value of the collateral securing the claim). As set forth above, the Loan Documents clearly provide for Kennedy's recovery of costs and legal fees in connection with the enforcement of its rights and remedies thereunder. Moreover, the Disclosure Statement acknowledges the accrual of post-petition interest on the Loan. Indeed, the Disclosure Statement states that the Debtor is accruing interest of over $3,000.00 per day on each of its two mortgages. See Disclosure Statement, p. 12.

WHEREFORE, Kennedy respectfully requests that the Disclosure Statement be amended as described herein.

Dated: New York, New York
October 24, 2008

        COLE, SCHOTZ, MEISEL,
        FORMAN & LEONARD, P.A.
        Attorneys for Kennedy Funding, Inc.

By: */s/ Kenneth L. Baum*
    Kenneth L. Baum (KB-2492)
    900 Third Avenue, 16th Floor
    New York, New York 10022
    (212) 752-8000
    (212) 752-8393 Facsimile