UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                Chapter 11

BOWNETREE, LLC,                                      Case No. 1-08-45854-dem

                     Debtor.
-----------------------------------------------------------x

## DECISION AND ORDER ON AWARD OF ATTORNEYS FEES AND COSTS

Appearances:

Alina N. Solodchikova, Esq.
Law Offices of Stephen B. Kass
Attorneys for Debtor
225 Broadway, Suite 711
New York, New York 10007

                                       DENNIS E. MILTON
                                    United States Bankruptcy Judge

On September 4, 2008, Bownetree LLC (the "debtor") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. On or about September 25, 2008, the Court issued an Order granting the debtor's application to employ Stephen B. Kass P.C. as attorneys for the debtor-in-possession under a general retainer. On May 20, 2009, the Court issued an Order confirming the debtor's Chapter 11 Plan. On July 16, 2009, counsel for the debtor submitted their Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application"). In the Application, counsel sought compensation in the amount of $92,910.50 and reimbursement of expenses in the amount of $2,500.00. For the reasons set forth below, the Court awards compensation in the amount of $81,410.50 and reimbursement in the amount of $2,500.00.

**Award of Reasonable Attorneys' Fees and Reimbursement of Expenses**

The first issue before the Court is whether the request for attorneys fees and costs which counsel have submitted is reasonable. The Court will review the propriety of fees and expenses under the reasonableness guidelines of Section 330(a) of the Bankruptcy Code.[1]

Section 330 (a)(3) provides:

> In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including:
>
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial to the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S. C. § 330. Rule 2016(a) of the Federal Rules of Bankruptcy Procedure implements the standards set forth in Section 330 of the Code and requires that the application contain "a

---

[1] The Court notes that even in non-bankruptcy cases, an applicant requesting an award of fees has the burden to prove the reasonableness of such fees and that vague and otherwise insufficient descriptions of services often result in a denial or reduction in the amount of fees sought. See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Quarantino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir.1999); LeBlanc-Sternberg v. Fletcher, 143 F.3d 748, 763-64 (2d Cir.1998); New York State Ass'n for Retarted Children v. Carey, 711 F.2d 1136, 1147 (2d Cir.1983).

detailed statement of (1) the services rendered, the time expended and expenses incurred, and (2) the amounts requested." Fed.R.Bankr.P. 2016(a).  To satisfy this burden, a claimant must justify its charges with detailed, specific, itemized documentation.  In re Dimas, LLC, 357 B.R. 563, 576 (Bankr. N.D.Cal. 2006); In re Bennett Funding Group Inc., 213 B.R. 234, 244 (Bankr. N.D.N.Y. 1997); In re Poseiden Pools of America, Inc., 180 B.R.718, 729 (Bankr. E.D.N.Y. 1995), affirmed 216 BR. 98, 100 (E.D.N.Y. 1997).   Billing records must clearly identify each discrete task billed, indicate the date the task was performed, the precise amount of time spent (not to be billed in increments greater than one-tenth of an hour), who performed the task, their level of experience and that person's hourly rate. In re Fibermark, Inc., 349 B.R. 385, 395 (Bankr. D.Vt. 2006).   The records must be detailed enough to enable a Court to determine whether the attorneys are claiming compensation for hours that are "redundant, excessive, or otherwise unnecessary."  Hensley, 461 U.S. at 434.  See also  In re Recycling Industries, Inc., 243 B.R. 396, 401 (Bankr. D.Colo. 2000); In re Poseidon Pools of America, 180 BR. at 729.

Attorneys for the debtor request attorneys fees and expenses in the amount of $80,410.50 ($92,910.50 less the retainer in the sum of $15,0000 and the reimbursement of expenses in the amount of $2,500) for services rendered from September 4, 2009 though July 17, 2009.  The attorneys have included detailed descriptions of the services performed which include 319.55 hours of work, at the average hourly billing rate of $290.75. The billing records here reflect that with the exception of some block billing[2], the services rendered were clearly

---

[2] The Court finds the following billings are unreasonable because they constitute block billing:
- AS 9/23/2008, 2.5 hours = 625.00
- AS 9/30/2009, 3 hours = 750.00
- AS 10/1/2008, 3 hours = 750.00
- AS 10/3/2008, 6 hours = 1,500.00
- AS 10/3/2008, 5 hours = 1,250.00

3

identified, and performed within a reasonable amount of time commensurate with the relative lack of complexity of the issues presented. In determining the amount of the reduction to an authorized fee, the Court has by analogy looked to instances where other courts have reduced

---

- SK 10/4/2008, 2.3 hours = 862.50
- AS 10/4/2008, 8 hours = 2,000.00
- AS 10/21/2008, 2 hours = 500.00
- SK 10/24/2008, .4 hours = 150.00
- AS 10/24/2008, 3 hours = 750.00
- AS 10/27/2008, 2 hours = 500.00
- SK 10/29/2008, .8 hours = 300.00
- AS 10/30/2008, 1 hours = 250.00
- AS, 11/5/2008, .5 hours = 125.00
- AS 11/7/2008, 4 hours = 1,000.00
- AS 11/10/2008, 2 hours = 500.00
- AS 11/21/2008, 1 hour = 250.00
- AS 12/2/2008, 2 hours = 500.00
- AS 1/14/2009, 2 hours = 500.00
- AS 2/5/2009, 2 hours = 500.00
- AS 2/12/2009, 3 hours = 750.00
- SK 2/13/2009, 2.3 hours = 862.50
- AS 2/20/2009, 5 hours = 1,250.00
- AS 2/20/2009, 5 hours = 1,250.00
- AS 3/1/2009, 3 hours = 750.00
- AS 4/21/2009, 1 hour = 250.00
- AS 4/22/2009, 3 hours = 750.00
- AS 4/24/2009, 3 hours = 1,000.00
- AS 5/6/2009, 5 hours = 1,250.00
- AS 5/7/2009, 5 hours = 1,250.00

TOTAL: $22,925.00

legal fees for block billing[3] and for problems associated with vague and inadequate entries.[4]

The Court has deducted $11,500.00, which constitutes fifty percent (50%) from the block billing total of the fee request, or 12.4 percent of the fee request, due to block billing. Across the board percentage cuts in the fees claimed are routinely utilized so that courts do not misuse their time "set[ting] forth item-by-item findings concerning what maybe countless objections to individual billing items." McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund, 450 F.3d 91, 96 (2d Cir. 2006); Williamsburg Fair Housing Committee v. The New York City Housing Authority, 2007 WL 486610,*5 (S.D.N.Y. February 14, 2007); Daiwa Special Asset Corp., 2002 WL 31767817,*2 (citing Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). See also In re Poseidon Pools of America, 180 B.R. at 751; In re Navis Realty, Inc., 126 B.R. at 144; In re Adventist Living Ctrs., Inc., 137 B.R. 701, 706 (Bankr.N.D.Ill. 1991).

The Court grants the Application and awards counsel fees to the Law Offices of Stephen B. Kass, P.C. in the amount of $81,410.50 and reimbursement of expenses in the amount of $2,500.00. Since counsel has already received $15,00.00 as a retainer, the outstanding payment to counsel should total $68,910.50, consisting of $66,410.50 in legal; fees

---

[3] In instances where block billing occurs, courts have reduced legal fees in varying percentages ranging from 5% to 100%. See e.g., In re Charis Hosp., LLC, 360 B.R. 190, 200 (Bankr. M.D.La. 2007)(court disallowed 50% of block billed time entries); In re Dimas, LLC, 357 B.R. at 580-82 (court disallowed 100% of block billed time entries); In re Teraforce Technology Corp., 347 B.R 838, 857 (Bankr. N.D.Tex. 2006)(court disallowed 50% of block billed time entries); Gundlach v. Nat'l Ass'n for Advancement of Colored People, Inc., 2005 WL 2012738 (M.D. Fla. August 16, 2005)(court utilized a 30% reduction of the total legal fees claimed due to use of block billing); In re Worldwide Direct, Inc., 316 B.R. at 643 (lump sum reduction due to block billed entries); Sec. And Exch. Comm'n v. Mobley, 2000 WL 1702024, *2 (S.D.N.Y. November 13, 2000)(lump sum reduction due to block billed time entries); In re Recyling Industries, Inc., 243 B.R. at 406-07(court disallowed 5% of total legal fees claimed due to use of block billing).

[4] In order to enable the Court to determine whether the time expended is reasonable, time entries such as meetings, conferences, correspondence and telephone calls must identify the participants, describe the substance of the communications, explain its outcome and justify its necessity. In re Brous, 2007 WL 1705630,*9 (Bankr. S.D.N.Y. June 12, 2007); In re Fibermark, Inc., 349 B.R. at 396; In re Southern Diesel, Inc., 309 B.R. 810, 813 (Bankr. M.D.Ala. 2004); In re Hasset, Ltd., 283 B.R. 376, 379 (Bankr. E.D.N.Y. 2002).

and $2,500.00 in expenses.

## CONCLUSION

For the reasons set forth above, the Court grants the Application and awards counsel fees to the Law Offices of Stephen B. Kass, P.C. in the amount of $81,410.50 and reimbursement of expenses in the amount of $2,500.00.

IT IS SO ORDERED.

Dated: Brooklyn, New York
August 27, 2009

s/ Dennis E. Milton
DENNIS E. MILTON
United States Bankruptcy Judge